IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL LEE WERDEBAUGH,** | : | CIVIL ACTION NO. 1:05-CV-0997 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **J. WETZEL**, Warden, **J. EYLER**, Assistant Warden, | : | |
| Defendants | : | |

### **MEMORANDUM**

Presently before the court is a *pro se* complaint filed by Daniel Lee Werdebaugh ("Werdebaugh"). He seeks to proceed *in forma pauperis*. (Docs. 2, 8). For the reasons that follow, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

Under 28 U.S.C. §1915(e) the court is charged with screening *in forma pauperis* actions. Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir.2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

Werdebaugh alleges that he is currently incarcerated at the Franklin County Prison and that his daily newspaper is being withheld by prison officials. He states

that he has been denied his paper on numerous dates over the course of three months. He seeks monetary reimbursement and implementation of a system that would prevent loss or theft of newspapers arriving at the prison.

In order to prevail on a § 1983 claim, the Plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F.Supp.2d 361, 372 (M.D.Pa. 2001).

The loss of personal property at the hands of a state actor does not constitute a constitutional violation if a meaningful post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pennsylvania tort law offers a remedy for a prison official's unlawful deprivation of an inmate's property. See 42 PA. CONS. STAT. ANN. §8522(b); See Hicks v. Feeney, 770 F.2d 375, 378 (3d Cir. 1985); Payton v. Horn, 49 F. Supp 2d 791, 795 (E.D. Pa. 1999); Austin v. Lehman 893 F. Supp. 448, 454 (E.D. Pa., 1995). Since Werdebaugh has an available state remedy for pursuit of his deprivation of property claim, he fails to state a constitutional violation. Consequently, this action will be dismissed.

An appropriate order will issue.

                                        /s/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

Dated:       February 1, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL LEE WERDEBAUGH,** | : | **CIVIL ACTION NO. 1:05-CV-0997** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **J. WETZEL, Warden, J. EYLER,** | : | |
| **Assistant Warden,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 1st day of February, 2006, upon consideration of the complaint (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's motions to proceed *in forma pauperis* (Docs. 2, 8) are construed as motions to proceed without full prepayment of fees and costs and are GRANTED.

2. The complaint (Doc. 1) is DISMISSED for failure to state a claim on which relief may be granted. See 28 U.S.C. §1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

          /s/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge